121k4tucc

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

MELISSA TUCKER, et al.,
               Plaintiffs,

          v.                              11CV4907(AKH)

EAST SIDE DD LLC, et al.,
               Defendants.

------------------------------x
                                          New York, N.Y.
                                          January 20, 2012
                                          11:15 a.m.
Before:

                    HON. ALVIN K. HELLERSTEIN

                                          District Judge

                            APPEARANCES

PELTON & ASSOCIATES
     Attorneys for Plaintiffs
BRENT PELTON
TAYLOR GRAHAM
NICK MAXWELL

KASOWITZ BENSON TORRES & FRIEDMAN
     Attorneys for Defendants
DANIEL TURINSKY
JULIA DiPRETE
```

                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300

1           (Case called)

2           THE COURT:  I asked you in because I wanted to discuss
3   with you a plan for going forward.  We have an amended class
4   and collective action for the plaintiffs that stands us.  I
5   don't know if it has been answered yet.  It pleads a collective
6   action under the United States laws under the Fair Labor
7   Standards Act.  Does it also plead state causes of action for a
8   class action.

9           MR. PELTON:  Yes, it does, your Honor; it pleads two
10  separate class actions.

11          THE COURT:  You need to certify this.

12          MR. PELTON:  Yes.  Plaintiffs would like to move
13  quickly towards certification.  We would like to get our
14  initial discovery demand sent out within the next approximately
15  ten days.

16          THE COURT:  Have you discussed this with defendants.

17          MR. PELTON:  We have had several calls.  We prepared a
18  proposed schedule.  Plaintiffs' proposed schedule begins class
19  certification by April 20.

20          THE COURT:  Have you agreed on a schedule.

21          MR. PELTON:  No, we have not.

22          THE COURT:  Why not.

23          MR. PELTON:  Because plaintiffs would like to get the
24  motion filed as quickly as possible and defendants' schedule
25  anticipates more discovery and they have a filing date of

1  August 1.
2          THE COURT:  That's much too long, Mr. Turinsky, that's
3  too long.  What kind of discovery do you need.
4          MR. TURINSKY:  The disagreement we had with Mr. Pelton
5  was whether discovery --
6          THE COURT:  Answer my question.
7          MR. TURINSKY:  We need to depose the named plaintiffs;
8  there are three named plaintiffs.  We also need to depose
9  Shaunta Brown, a former payroll manager who submitted a
10 declaration in connection with the initial and amended
11 complaint.  I believe those are the depositions we will need in
12 advance of the class certification motion.
13         THE COURT:  That should take two weeks.
14         MR. TURINSKY:  I don't know if plaintiffs have much of
15 any documents but we will need documents relating to the
16 certification issues under Rule 23 in advance of the
17 certification motion.
18         (Pause)
19         THE COURT:  Mr. Pelton, what date do you want for a
20 class certification motion to be filed.
21         MR. PELTON:  Plaintiffs feel that we can file our
22 motion by April 1, so long as we get the payroll records,
23 compilations, declarations and copies of checks, I am sorry,
24 April 20, so long as we can get the discovery that we need.
25         THE COURT:  I don't think you need until April 20.  It

1    seems to me you can complete written discovery by February 10,
2    take depositions the balance of February, and motions for
3    certification of classes can take place March 16.
4            I want to give you this view as it were of my
5    attitudes on class certifications.  Contrary to what I wrote in
6    *Ansoumana v. Gristedes*, I have come to the view that there is
7    not much room for a Rule 23 class in connection with the Fair
8    Labor Standards Act complaint.  My view is that there is much
9    more time and effort in a Rule 23 class and that that and other
10   proceedings tend to derogate from what I have to do to
11   implement the federal law.  So, a word to the plaintiffs'
12   lawyers, you are not likely to succeed a Rule 23 certification.
13           However, in the nature of pleading, your named
14   plaintiffs have to plead all their claims in one lawsuit.  They
15   will be pleading their claims under New York labor law as well
16   as the federal claims.  So, we should get through very quickly
17   the whole notion of certifications.
18           If you go along with that view, you should be on your
19   way to substantive discovery, Mr. Pelton.  I would think
20   Mr. Turinsky would find it in his interests also to agree to
21   certification of a federal class which would be an opt-in class
22   without going through the labor of discovery to any great
23   degree and both of you can get involved in merit discovery very
24   quickly.
25           In any event, whatever motions you make for class

121k4tucc

1  certification must be made by March 16, oppositions by April
2  13, reply by April 24.  Off the record.
3              (Discussion off the record)
4              THE COURT:  Let me change that.  March 16 for filing
5  motions, April 20 for oppositions, and May 1 for reply.  I
6  would hope you would agree on a Section 42 opt-in class.
7              Tell me about the case.
8              MR. PELTON:  Yes, your Honor.  We represent three
9  employees who work for East Side Dunkin' Donuts.  East Side
10 Dunkin' Donuts owns 28 Dunkin' Donuts franchises within
11 Manhattan.
12             THE COURT:  Louder.
13             MR. PELTON:  Our clients are three former employees of
14 Dunkin' Donuts.
15             THE COURT:  I heard what you said.
16             MR. PELTON:  They worked as crew members, assistant
17 managers and managers.  We have two classes of claims here, one
18 on behalf of the assistant managers and managers which these
19 people were required to work about 55 to 60 hours a week and
20 were paid on an alleged salary basis.
21             THE COURT:  Do you believe they would be entitled to
22 overtime.
23             MR. PELTON:  Yes, we do, your Honor.
24             THE COURT:  Do you believe the managers would be
25 entitled to overtime.

1                MR. PELTON:  Yes, we do, because we believe that they

2     failed the salary basis test cited.

3                THE COURT:  Do you think there might be an

4     inconsistency between suing for crew members and assistant

5     managers and managers.

6                MR. PELTON:  No, I do not, your Honor.

7                THE COURT:  Mr. Turinsky, is there a split in the law

8     on managers versus assistant managers that you are going to

9     bring on.

10               MR. TURINSKY:  I think there is a distinction between

11    managers and assistant managers in terms of whether or not they

12    are exempt.  That's one the factors that will go into why this

13    shouldn't be a class in terms of the exemption status.  But in

14    terms of managers and assistant managers, yes, your Honor.

15               THE COURT:  My view is that that may play a part when

16    there might be a settlement discussion.  I don't think it plays

17    much of a role in terms of conflicts in Mr. Pelton's ability to

18    represent everybody for purposes of litigation.  We may in the

19    future have to have a subclass and maybe even separate lawyers.

20    That's something we can discuss in the future.

21               MR. PELTON:  OK.

22               THE COURT:  That's in opposition to class

23    certification.  I think you ought to save it, Mr. Turinsky; you

24    make a decision on that.  I am given to making these

25    pronouncements and sometimes I change my mind.  But I think

1   it's a guide to you in terms of where you want to direct your
2   efforts in this case.
3             MR. TURINSKY:  Thank you, your Honor.
4             MR. PELTON:  The managers and assistant managers were
5   paid on an alleged salary basis subject to deductions if they
6   did not work the full number of hours that week.
7             THE COURT:  You have alleged a claim against a number
8   of East Side Dunkin' Donuts; are they all under common
9   management.
10            MR. PELTON:  Yes, they are.
11            THE COURT:  The individuals that you named are the
12  managers.
13            MR. PELTON:  The owners and managers.
14            THE COURT:  Why do you allege John Does.
15            MR. PELTON:  Those are the corporate entities that we
16  don't know their names.  Each of the Dunkin' Donuts locations
17  are set up under a separate corporate entity.
18            THE COURT:  What you want are all the Dunkin' Donuts
19  owned by Mr. Bronfman, Mr. Geva, and Mr. Shapiro.
20            MR. PELTON:  Absolutely.
21            THE COURT:  Are you able to give that, Mr. Turinsky.
22            MR. TURINSKY:  I am sure that --
23            THE COURT:  One way or another Mr. Pelton will get it.
24            MR. TURINSKY:  I am sure it shouldn't be a problem
25  identifying which Dunkin' Donuts are owned by Mr. Bronfman.  I

1   don't believe Mr. Shapiro is an owner. I don't believe
2   Mr. Geva is an owner. These plaintiffs didn't work for all of
3   those entities; they worked for a few different entities,
4   certainly not all of them. I don't know if they are all
5   appropriately part of this. I don't know if all of them are
6   necessarily relevant to this case. I can certainly get
7   information from individuals as to what --
8              THE COURT: You are not going to be able to make a
9   claim, Mr. Pelton, unless you have a worker; you have three
10  workers now.
11             MR. PELTON: These workers worked for the common
12  enterprise. They worked for probably 12 to 15 of the different
13  store locations within the enterprise. Under the Fair Labor
14  Standards Act you look at the overall enterprise or business.
15             THE COURT: In my view, Mr. Turinsky, you should give
16  the information. We can work out later who should be a proper
17  defendant.
18             MR. TURINSKY: I appreciate that.
19             THE COURT: What else.
20             MR. PELTON: The store managers were paid on a salary
21  basis, the assistant managers also on the alleged salary basis.
22  Their job duties we do not believe meet any of the executive
23  exemptions, so these people would be exempt.
24             THE COURT: You need to exchange all the relevant
25  documents that Mr. Turinsky's clients have.

1               I learned this from the late Judge Milton Pollack.
2     Interrogatories and Rule 34 requests are largely a waste of
3     time.  Each should give your files, holding back whatever is
4     privileged.  You've got manuals, Mr. Turinsky, you've got pay
5     records, you've got job descriptions, other things that are
6     important to you case, the sooner you give it, the less
7     trouble, the sooner we can get into the merits and save your
8     client a great deal of money.  You know what is relevant, both
9     of you, just do it.  You don't need Rule 34 requests.  Just
10    exchange your files.  Pick a date it's convenient.  Do it.
11              MR. PELTON:  The crew member class has claims for
12    unpaid overtime which involved shaving of hours and shifting of
13    hours from one week to the next.  They also have spread of
14    hours claims under labor New York labor law and they have the
15    gratuity claim.
16              THE COURT:  What is spread of hours.
17              MR. PELTON:  Under New York labor law, if you work a
18    split shift or more than 10 hours on any day, you are entitled
19    to an extra hour at minimum wage for that 10-hour day.
20              THE COURT:  What is a split shift; if you work on the
21    tail end of one shift it comes into the next shift.
22              MR. PELTON:  Say you work from 6 until 10 then from 2
23    until 4.  They also have the gratuity claim.  Each of the
24    Dunkin' Donuts locations had a tip cup where customers put
25    change and dollar bills in the tip cup.  Contrary to what

121k4tucc

1   customers would expect, that money was deposited in East Side
2   DD's bank account and at the end of the week, the full-time
3   employees would receive $20, the part-time employees would
4   receive $5.
5           THE COURT:  All of this alleged in the complaint.
6           MR. PELTON:  Yes.
7           THE COURT:  I got the picture.
8           MR. TURINSKY:  That's an accurate recitation of the
9   allegations in the complaint.  We certainly deny that employees
10  were not properly paid overtime.
11          THE COURT:  I assume.
12          MR. TURINSKY:  We certainly deny the allegations.  We
13  certainly do not think this is an appropriate class.
14          THE COURT:  It's an appropriate Section 42 claim.
15          MR. TURINSKY:  I was referring to the Rule 23 class.
16          THE COURT:  You are likely to win on that issue.
17          MR. TURINSKY:  Unless your Honor has any specific
18  questions, I think your Honor understands.
19          THE COURT:  The spread of hours will be an issue for
20  individual claims not for the class.
21          MR. TURINSKY:  I think that's correct.
22          THE COURT:  OK.  If there are disputes, see Rule 2(e)
23  in my individual rules which requires a joint letter putting
24  the dispute before me and I will give you a pretty quick
25  turn-around on resolving the dispute.

121k4tucc

1        We have the dates; we will move from here.
2        Thank you.
3        MR. PELTON:  Thank you, your Honor.
4        MR. TURINSKY:  Thank you, your Honor.
5                           - - -