**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MELISSA TUCKER, BENISHA HUGER and MARIANA PENAFIEL, Individually and on Behalf of all other Employees Similarly Situated,** | **ECF** |
| **Plaintiffs,** | **11-cv-4907 (AKH)** |
| **-against-** | |
| **EAST SIDE DD LLC, EAST SIDE DD II, LLC, EAST SIDE DB II, LLC,EAST SIDE DD 101 LLC, EAST SIDE DD 104 LLC, EAST SIDE DD 105 LLC, EAST SIDE DD 106 LLC, EAST SIDE DD 107 LLC, EAST SIDE DD 110 LLC, EAST SIDE DD 111 LLC, EAST SIDE DD 115 LLC, EAST SIDE DD 116 LLC, EAST SIDE DD 119 LLC, EAST SIDE DD 120 LLC, EAST SIDE DD 121 LLC, WEST SIDE MBV 201, LLC, WEST SIDE MBV 202, LLC,  MATTHEW BRONFMAN, ALMOG GEVA, PINCHAS SHAPIRO and JOHN DOES #1-10, Jointly and Severally,** | |
| **Defendants.** | |

**PLAINTIFF'S MEMORANDUM OF LAW IN**
**SUPPORT OF MOTION FOR RECONSIDERATION**
**OF ORDER OF OCTOBER 4, 2012**
**REGARDING COLLECTIVE ACTION NOTICE**

Plaintiff Melissa Tucker moves this Court, pursuant to Local Rule 6.3 and 29 U.S.C. §

216(b), for reconsideration of the portion of the Court's Order of October 4, 2012, Doc 53, to the

extent it Orders the following language to be inserted in the notice to the FLSA class members:

> Store managers and assistant store managers who previously
> signed statements that they did not want to participate in this action
> may nevertheless participate if they sign another statement or
> declaration renouncing their previous statement.

Reconsideration of that language is appropriate for the following reasons:

1

(i) There is nothing for the class members to "renounce" in their prior declarations.

**Defendants admit those declarations do not constitute opt-out forms**.   In the October 1, 2012 joint letter to the Court which first presented this issue, Defendants stated: ""No [opt-out] statements were obtained by Defendants in connection with this matter; nor have Defendants ever taken the position that the declarations they obtained constitute "opt-out" acknowledgements by putative class members (of which there are none here)."   Letter of October 1, 2012 at  3.  Since the statements are not opt-out statements, there is no factual basis for requiring class members to renounce them prior to joining this action.  Indeed, Defendants did not request any such renunciation.  To the extent the prior declarations express a wish not to participate in the collective action, the class members should be free to change their minds simply by filing a consent to sue form.  *See, e.g., Ex. O-5,* Document 38-19 (filed April 20, 2012) (stating "I do not wish to be a part of Ms. Tucker's lawsuit."). Plaintiff's proposed language, that she asks the Court to reconsider, merely clarified that class members that they had a right to change their minds about participating.

(ii)  Treating  the  prior  declarations  as  a  bar  to  joining  this  case  absent  a  written "renunciation" is tantamount to treating those prior statements as waivers of FLSA rights.  Such waivers are strictly prohibited and **of no effect**.  *Brooklyn Sav. Bank v. O'Neill,* 324 U.S. 697, 704 (1945); *Schulte v. Gangi,* 328 U.S. 108 (1946); *Barrentine v. Arkansas Best Freight Sys. Inc.,* 450 U.S. 728, 740 (1981); *Caserta v. Home Lines Agency, Inc.,* 273 F.2d 943, 946 (2d Cir. 1959).  Even if the statements purported to be full releases of FLSA rights, they would be of no effect and would not preclude joinder in this suit. *Id.*

(iii) Requiring "renunciations" of the prior declarations in addition to the filing of consent to sue forms is contrary to the requirements of 29 U.S.C. 216(b) which states that the only condition for joining an FLSA collective action is the filing of a consent to sue form. *Hoffman-LaRoche Inc. v. Sperling,* 493 U.S. 165, 171 (1989).

(iv)  To the extent that Defendant's believe the prior declarations have evidentiary value with respect to the merits of this claim, that question is not properly addressed at this stage of the litigation.  As 29 U.S.C. §216(b) and *Hoffman-LaRoche* make clear, a consent form is all that is required to join an FLSA action.  Whether prior statements by collective action members, written or oral, are admissible as impeachment at trial (or in support of summary judgment) is an issue to be addressed at trial or on summary judgment.  Nothing in Plaintiff's proposed language informing managers that their prior statements did <u>not</u> preclude them from joining this action prejudged the future evidentiary value, *vel non*, of the statements.  Plaintiff's proposed language simply informed them that signing such a prior statement did not bar them from joining this action.  The Court's language, on the other hand, not only makes it more difficult for class members to join by imposing a "renunciation" requirement on top of the consent to sue form, but compounds the evidentiary issues by requiring managers interested in joining this action to create yet another document that could be used to impeach them.

(v) Even if it were proper to require "renunciation" of the prior statements as a condition of joining this FLSA suit, which it is not, the language proposed by the Court is ambiguous and highly likely to deter potential claimants from joining this action because it appears to require affiants to "renounce" what may be perfectly true statements in order to join this action.  For example, some of the statements discuss the affiants "belief" that he was properly paid, and statements to the effect that the affiant had never heard anyone complain about not being

properly paid.[1]   As explained at the class hearing, because of the way the salary regulation at 29

C.F.R. 541.603 is worded, it is entirely possible for a manager to believe he was properly paid

and still be entitled to overtime wages because if Defendants engaged in an actual practice of

making improper deductions, **all** store managers lose their exemption, including those who never

actually experienced an improper deduction.[2] *Id.; see See Hoffman v. Sbarro, Inc.,* 982 F.Supp.

249, 262-263 (S.D.N.Y. 1997) (holding that plaintiffs who never experienced improper

deductions could represent a class of managers because "plaintiffs need not have each suffered

actual deductions to show that they and other managers were 'subject to' improper reductions in

compensation by virtue of a common policy.").   Similarly, the fact that an affiant did not hear

others complain about FLSA violations may be perfectly true and yet is no bar to FLSA

recovery, let alone the right to participate in an FLSA action.   Other statements in the

declarations contain comments and opinions regarding the named plaintiff which, again, an

affiant should not be required to contradict simply to join in this action.   Finally, it is not clear

that the class members will even understand what it means to prepare a "statement or declaration

renouncing their previous statement" let alone how to go about drafting such a statement.

---

[1] For example declaration of Rukshana Akter, states, I . . . believe [Plaintiff's allegations] are untrue" and "No employee has ever complained to me about not having been paid for all time worked. . ." Ex. O-5, Doc 38-19.

[2]   It is also possible that the class members who "believe" they were properly paid are in error. For example Mr. Akter states that "I have never been requested or required, or allowed to forego any pay, nor are there any weekly hours requirements as alleged by Ms. Tucker.  I have never been docked for not meeting any such requirement." Ex. O-5, Doc 38-19.  Yet the payroll records for Mr. Akter show that his salary was based on working 60 hours/week and that his salary was reduced (prorated) from the full 60 hour amount on at least 20 separate occasions. Ex. 3, Doc 35-3, Pgs. 2,8,10, 11, 12, 13, 14, 15, 16, 17, 18, 20, 21 and 22.

Defendants drafted and prepared the original statements, but the class members will only receive assistance in drafting a renunciation if they contact Plaintiff's counsel and ask for such assistance.

For all the foregoing reasons, Plaintiff urges the Court to reconsider its Order of October 4, 2012 to the extent it requires language to be added to the class notice stating "Store managers and assistant store managers who previously signed statements that they did not want to participate in this action may nevertheless participate if they sign another statement or declaration renouncing their previous statement." Plaintiff would urge the Court to approve Plaintiff's proposed language which simply informed class members that prior statements did not preclude their participation in this action.  Plaintiff's language stated:

> Store managers and assistant store managers who previously signed statements or declarations at the request of Defendants or their attorneys or that indicated they did not want to participate in this action are hereby notified that those statements have no effect on your right to join in The Lawsuit.  Any class member who signed such a statement is free to participate in this action or not by following the instructions in this notice as if the prior statement had never been signed.

Dated: New York, New York
        October 5, 2012

                                        PELTON & ASSOCIATES PC


                                        By: /s/ Brent E. Pelton
                                        Brent E. Pelton (BP 1055)
                                        Taylor B. Graham (TG 9607)
                                        111 Broadway, Suite 901
                                        New York, New York 10006
                                        Telephone: (212) 385-9700
                                        Facsimile: (212) 385-0800


                                        Edward Tuddenham (ET 2028)
                                        228 W. 137th St.
                                        New York, New York 10030

Telephone:  (212) 234-5953
Facsimile:  (512) 532-7780

Attorneys for Plaintiffs, Individually, and
on Behalf of All Other Persons Similarly Situated